IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH GRANTHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04CV914-F |
| | ) | [WO] |
| CONTINENTAL ASSURANCE CO., | ) | |
| A.K.A. CNA COMPANIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

This matter is before the court on defendants' ["Insurance Companies"] Motion to Allow Defendants to Pay Funds Into Court (Doc. # 38).  For the reasons discussed herein, the motion is DENIED.

**I.    DISCUSSION**

***A.    The Claims and Defenses***

The plaintiff ["Grantham"] has sued the Insurance Companies to enforce the terms of a life insurance policy, which allegedly required payment in the amount of $50,000 to Grantham upon the death of Casey Deon Grantham ["the insured"] (Doc. # 1, pp. 21-23).

The Insurance Companies have asserted the defense of misrepresentation, contending that the insured made false statements upon which they relied when deciding whether to issue the policy (Doc. # 22, p. 4), and they now seek to deposit with the court the sum of all premiums paid by the insured ($147.20) in accordance with section 27-14-7(b) of the Alabama Code.

Although Grantham has not objected to the motion, the court must nevertheless decide

whether the Insurance Companies may deposit even this small amount.

**B.      *Applicable State and Federal Law***

According to the relevant State statute, "No plea of misrepresentation or fraud in connection with the issuance of a life insurance policy or annuity contract shall be filed unless accompanied by a payment into court of all premiums paid on the policy or contract." ALA. CODE § 27-14-7(b) (1998).  As interpreted by the Alabama Supreme Court, subsection (b) "address[es] how the defense [of misrepresentation] is asserted and the conditions applicable to the defense." *Patterson v. Liberty Nat'l Life Ins. Co.*, 903 So.2d 769, 777-79 (Ala. 2004) (holding that misrepresentation constitutes an affirmative defense).

To determine whether the court, which is exercising diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2004), must apply the relevant State statute in accordance with *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), the court must first determine whether the statute conflicts with a "federal procedural rule."  *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1296 (11th Cir. 1999) [*hereinafter "Cohen I"*] (examining *Hanna v. Plumer*, 380 U.S. 460 (1965), which created a two-part test for applying the principle established in *Erie R.R. Co.*, and holding that Florida's pleading and preliminary evidentiary requirements regarding punitive damages did not apply in a federal court exercising diversity jurisdiction), *vacated on other grounds and expressly adopted in relevant part by* 204 F.3d 1069 (11th Cir. 2000) (en banc), *cert. denied* 531 U.S. 957 (2000).[1]  "If it does, the federal procedural rule applies and the state provision does not.

_____

[1]The full Court of Appeals noted,

Stated another way, if the state law conflicts with a federal procedural rule, then the state law is procedural for *Erie/Hanna* purposes regardless of how it may be characterized for other purposes." *Id.* at 380. This is true as long as the federal rule is even "arguably procedural" in nature. ***Reinke v. O'Connell***, 790 F.2d 850, 851 (11th Cir. 1986) (quoting Justice Harlan's concurring opinion in ***Hanna***).

"A state law may conflict with a Federal Rule even where it violates no affirmative command or requirement of the rule, *see* ***Hanna***, 380 U.S. at 470, if the Federal Rule 'occupies the statute's field of operation.' ***Burlington N. R.R. Co. v. Woods***, 480 U.S. 1 (1987)." ***Cohen I***, 184 F.3d at 1298. A federal rule "occupies the statute's field of operation" if application of the State statute would impair the rule's operation or effect. *Id.*

## C.    *Application of Federal Law*

Section 27-14-7(b) conflicts with at least three federal procedural rules. *See* Fed. R. Civ. P. 8, 9, 67. Rule 8 sets forth, in general, the federal pleading requirements, which, though they may require specificity in certain circumstances, do not impose conditions, whether precedent or concurrent, to which a party must adhere in order to plead an affirmative defense. Neither

---

> In our prior opinion in this case, we held that Florida Statute § 768.72 conflicts with and must yield to the "short and plain statement" rule contained in Federal Rule of Civil Procedure 8(a)(3), and as a result a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages. We adhere to and leave that part of our earlier opinion intact.

***Cohen II***, 204 F.3d at 1072 (citation to ***Cohen I*** omitted).

does Rule 9, which imposes additional specificity requirements for pleading fraud, *inter alia*. Moreover, the court's research has not revealed any federal statute imposing a deposit requirement similar to section 27-14-7(b), and the parties have failed to direct the court to any such requirement.

Therefore, imposing an additional burden on a litigant pleading an affirmative defense would impair the operation and effect of rules 8 and 9, and there can be no question that these rules are procedural in nature. *See Cohen*, 184 F.3d at 1295-99; *see also Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir. 1993) (noting that federal law governs pleading requirements); *Caster v. Hennessey*, 781 F.2d 1569 (11th Cir. 1986) ("[U]nder *Hanna* a federal court need not adhere to a state's strict pleading requirements . . .."); *Eyerly Aircraft Co. v. Killian*, 414 F.2d 591 (5th Cir. 1969) (refusing to apply Texas's jurisdiction pleading requirements);[2] *cf. Lundgren v. McDaniel*, 814 F.2d 600, 606 (11th Cir. 1987) (describing a State statute outlining administrative prerequisites to filing a civil action as "procedural for purposes of the *Erie* doctrine").

In addition, and perhaps more importantly, section 27-14-7(b) conflicts with the federal rule governing the deposit of funds with the court. FED. R. CIV. P. 67. Rule 67 states, in relevant part,

> In an action in which *any part of the* <u>*relief sought*</u> *is a judgment for a sum of money or the disposition of a sum of money* or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with

---

[2]In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

the court *all or any part of such sum* or thing, whether or not that
party claims all or any part of the sum or thing.

*Id.* (emphasis added).

Thus, Rule 67 provides a means for protecting funds or property in dispute. *See **Gulf
States Utilities Co. v. Ala. Power Co.**, 824 F.2d 1465 (5th Cir. 1987) (finding that the district
court did not abuse its discretion by accepting funds that "genuinely [were] in dispute");
**Prudential Ins. Co. v. BMC Ind., Inc.**, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986) ("Rule 67 .
. was only intended to provide a place of safekeeping for disputed funds pending resolution of
a legal dispute . . ..").

The plain language of rule 67 makes clear that funds are in dispute only when they
constitute part of the "relief sought." Grantham is seeking payment of the policy's death benefit
in addition to non-economic and punitive damages, but she is not seeking a return of the
premiums paid (Doc. # 1, pp. 1-7, 21-22). Therefore, the premiums are not in dispute, and
applying section 27-14-7(b) would impose upon the federal government the burdens associated
with administering such deposits in circumstances not contemplated by the federal rules. *See
also* 28 U.S.C. §§ 2041-42 (2004). A more apparent conflict may be difficult to imagine.


## II.   CONCLUSION

For the reasons stated above, the defendants' motion is DENIED, and they may plead the
affirmative defense of misrepresentation without complying with the deposit requirement in
section 27-14-7(b) of the Alabama Code.

5

DONE this 1st day of December, 2005.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE